### UNITED STATES v. CLYDE S. S. CO.

District Court, S. D. New York. September 13, 1928.

Charles H. Tuttle, U. S. Atty., of New York City (William H. Bonneville, of Washington, D. C., and Israel B. Oseas and W. Houston Kenyon, Jr., Sp. Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Burlingham, Veeder, Masten & Fearey, of New York City (Roscoe H. Hupper and William J. Dean, both of New York City, of counsel), for defendant.

FRANK J. COLEMAN, District Judge. This is an action to recover a penalty from the Clyde Steamship Company for its failure to exhibit certain of its records to a representative of the Interstate Commerce Commission. The amount of the penalty is not disputed, being at the rate of $500 for each day defendant refused to exhibit the records. The demand on behalf of the Commission was made on December 17, 1925, and defendant refused to comply with it until January 4, 1926, on which date it consented. The refusal thus covered a period of 19 days, and the parties agree that, if any penalty is to be assessed, it should be in the sum of $9,500.

The records which the Interstate Commerce Commission sought to examine related to certain shipments of naval stores from Brunswick, Ga., to Boston, which defendant claimed and still claims were made by it as a private carrier, rather than as a common carrier. Defendant further claimed, and still claims, that, even if the shipments were made by it as a common carrier, they were merely port to port shipments, and therefore not within the jurisdiction of the Commission. It is unnecessary to decide these questions, because I believe that the Commission was entitled to examine the records, whether the particular shipments were within its regulatory jurisdiction or not. It is undisputed that the defendant did conduct business as a common carrier in conjunction with railroads under such circumstances as to put a part of its business within the regulatory jurisdiction of the Interstate Commerce Commission. That being so, I believe the Commission had the right to examine any of the defendant's records, whether they related to that part of its business or not.

Prior to the serving of the formal demand on December 17, 1925, the Commission had instituted a mandamus proceeding against the defendant to compel the exhibition of the records in question. This proceeding was pending all during the period of defendant's refusal, and has never been formally terminated. It was, however, abandoned on January 4, 1926, when defendant consented to the inspection sought.

The statute under which this action is brought provides (Interstate Commerce Act, § 20, subd. 6): "(6) In case of failure or refusal on the part of any such carrier * * * to submit such * * * records * * * to the inspection of the Commission, * * * such carrier * * * shall forfeit to the United States the sum of $500 for each such offense and for each and every day of the continuance of such offense. * * * *" 49 USCA § 20(6).

The statute cannot be taken literally, because it could not have been the intention to penalize every "failure," regardless of its cause. The addition of the words "or refusal" indicates that as a prerequisite to the penalty there must be some sort of a demand by the Commission. The nature of this demand is not specified by the statute. But I have no doubt that in presupposing a demand the statute presupposes a reasonable demand. In the present case, the defendant, acting in good faith, disputed the Commission's right to the inspection, and the Commission, for the purpose of determining the dispute, brought the mandamus proceeding. I have no doubt that defendant was sincere, and was entirely willing to comply with any direction that the Commission had authority to make. The dispute was a real one, and, when the Commission had brought the defendant into court to determine it, I do not think it was a reasonable thing to thereafter serve a demand for the purpose of penalizing the defendant for every day during which the dispute remained undecided by the court. I do not go as far as the defendant, which would construe the statute so as to permit the accrual of penalties only after a judicial determination, nor do I think that the situation presents an election by the Commission as between two inconsistent remedies. It may well be that, under circumstances different from those in this case, the government might be entitled to recover the penalties and maintain mandamus proceedings upon the same delinquency.

Defendant's motion, therefore, for the direction of a verdict in its favor, is granted, with exception to the plaintiff, and plaintiff's motion for the direction of a verdict in its favor is denied, with exception.